# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) | |
| Plaintiff, | ) ) | C.A. No. 16-76 Erie |
| vs. | ) ) ) | Magistrate Judge Baxter |
| NEIL SAGERS and DIANE SAGERS, Defendants. | ) ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that Defendant Diane Sagers' motion to transfer case pursuant to 28 U.S.C. § 1404(a) [ECF No. 11] be granted and that this case be transferred to the United States District Court for the District of Utah, and that the funds on deposit with the Court Registry Investment System, in the amount of $1,007,194.71, be withdrawn and disbursed to the United States District Court for the District of Utah, 351 South West Temple, Room 1.100, Salt Lake City, UT  84101.

### II.  REPORT

On April 7, 2016, Plaintiff initiated this interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure to determine which Defendant, Neil Sagers or Diane Sagers, is entitled to receive death benefits of $1,000,000.00 payable under a group life insurance policy issued by Plaintiff on the life of David L. Sagers (the "Insured"), who died on February 11, 2015. On June 17, 2016, Defendant Diane Sagers (the "Movant") filed a motion to transfer case

pursuant to 28 U.S.C. § 1404(a), asserting that the interests of justice would be best served by transferring this action to the United District Court for the District of Utah because she is a resident of Utah, all witnesses to the events relevant to this case reside in Utah, all relevant documentary evidence is located in Utah, and the Insured's estate is pending in the Third Judicial District Court of Salt Lake City, Utah. [ECF No. 11]. The only resident of this judicial district is Defendant Neil Sagers, who has not yet appeared in this action, nor has he opposed or joined in the pending motion.[1]

On July 15, 2016, upon Plaintiff's motion for approval and entry of consent order [ECF No. 17], this Court entered a Consent Order that, *inter alia*, required Plaintiff to deposit with the Clerk of Court the death benefit of $1,000,000.00, plus applicable interest, within 21 days. The total sum of $1,007,194.71 was thereafter deposited by Plaintiff into the Court Registry Investment System on July 22, 2016. [ECF No. 20].

28 U.S.C. § 1404(a) grants a district court discretion to transfer a civil action to another district where it might have been brought, in the interest of justice, for the convenience of parties and witnesses. Here, this Court finds that the interests of justice would be better served by transferring this case to the United States District Court for the District of Utah, wherein the Movant and all witnesses, other than Defendant Neil Sagers, are located.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant Diane Sagers'

---

[1] Although the docket indicates that Defendant Neil Sagers was served with the complaint in this matter on April 20, 2016 [ECF No. 5], and, through his attorneys, entered a stipulation with Plaintiff to extend the time for him to file a response to the complaint to June 10, 2016 [ECF No. 6], no response or appearance has been filed by him or on his

motion to transfer case pursuant to 28 U.S.C. § 1404(a) [ECF No. 11] be granted, that this case be transferred to the United States District Court for the District of Utah, and that the funds on deposit with the Court Registry Investment System, in the amount of $1,007,194.71, be withdrawn and disbursed to the United States District Court for the District of Utah, 351 South West Temple, Room 1.100, Salt Lake City, UT 84101.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: October 18, 2016

cc: The Honorable Barbara Rothstein
United States District Judge

---

behalf.